538 F.2d 330
 76-2 USTC P 9626
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America and Elaine Schmidt, Revenue Agent
of the Internal Revenue Service, Plaintiff-Appellee
v.
Eugene J. May, Defendant-Appellant.
 76-1126.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1976.
 
 Before WEICK, EDWARDS and McCREE, Circuit Judges.
 
 Order
 
 1
 Taxpayer May, pro se, has appealed to this Court from an order of the District Court enforcing a summons issued by an agent of the Internal Revenue Service under the provisions of Section 7602 of the Internal Revenue Code of 1974 (26 U.S.C. Sec. 7602) requiring him to appear and produce certain books and records.
 
 
 2
 Petitioner Elaine Schmidt, I.R.S. Agent, was assigned to investigate the 1972 income tax return of May and his wife. May was engaged in the business of preparation of income tax returns for his customers. The joint return which he filed for 1972 in behalf of himself and his wife revealed deductions taken from income for operation of his business, at a loss.
 
 
 3
 Agent Schmidt called upon May and requested that she be given permission to examine his books and records. May declined to permit the examination. Agent Schmidt then issued a summons requiring May to appear and produce his books and records for examination. May appeared but declined to produce his books, resulting in the filing in the District Court of the Petition for Enforcement.
 
 The following are pertinent dates:
 
 4
 Dec. 3, 1974 I.R.S. summons issued pursuant to Sec. 7602 of Internal Revenue Code of 1974, which was served on May.
 
 
 5
 Dec. 18, 1974 May appeared in response to the summons but refused to produce his records.
 
 
 6
 July 14, 1975 Petition for Enforcement filed in the District Court.
 
 
 7
 July 15, 1975 Order to show cause issued requiring May to respond in five days after service, and setting date for hearing on August 4, 1975.
 
 
 8
 July 21, 1975 May filed his response to the summons.
 
 
 9
 Aug. 4, 1975 Hearing in District Court: May contended that the proceedings were ultra vires, and the enforcement statute unconstitutional; that the Court lacked jurisdiction. When the Court discovered that May was not a lawyer it suggested that he employ counsel and allowed twenty additional days for that purpose and within which to file an amended response and request for another hearing.
 
 
 10
 Sept. 23, 1975 When the Court learned that May had decided not to employ counsel and would stand on his original response and did not request an additional hearing, the Court entered an order enforcing the summons.
 
 
 11
 Oct. 1, 1975 May filed a motion for relief from judgment pursuant to Rule 60(b)(4) alleging that judgment was void.
 
 
 12
 Nov. 20, 1975 Notice of appeal filed from judgment entered on September 23, 1975.
 
 
 13
 Jan. 9, 1976 Order denying Rule 60(b)(4) motion.
 
 
 14
 It will be noted that the judgment from which this appeal was taken was entered on September 23, 1975, and the notice of appeal was not filed until November 20, 1975, which was fifty-six days from the date of judgment. Rule 4 of the Federal Rules of Appellate Procedure required May to file his notice of appeal within thirty days from the date of judgment. May had ample time to engage counsel and had been advised repeatedly by the District Court to do so, but he declined.
 
 
 15
 The filing of a motion for relief from judgment did not extend the time for taking an appeal from the September 23, 1975 order; Rule 4(a) Federal Rules of Appellate Procedure.
 
 
 16
 During the pendency of this appeal the District Court had no jurisdiction to rule on the motion for relief after judgment.
 
 
 17
 The appeal is therefore dismissed for lack of jurisdiction. The case is remanded to the District Court to rule on the motion for relief from judgment filed under Rule 60(b)(4) Fed.R.Civ.P. The sole issue to be determined on remand is whether the judgment of September 23, 1975 is absolutely void.